UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

                                 Case No. 1:04-CR-80939-03
    -vs-                         HONORABLE NANCY G. EDMUNDS

JASON SANDERS,

                Defendant.
_____/

## SENTENCING MEMORANDUM

Now comes Defendant Jason Sanders through his Attorney Robert F. Kinney and respectfully submits the following for this Court's consideration in determining an appropriate sentence.

Defendant Sanders was originally charged in a complaint dated November 15, 2004 with possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841. On November 23, 2004 a 6-count indictment was filed charging Defendant Sanders in counts 5 and 6 with possession with intent to deliver cocaine and cocaine base. After an in depth and truthful debriefing, Defendant Sanders appeared before this Honorable Court and pursuant to a written Rule 11(c)(1)(c) Plea Agreement, entered a plea of guilty to counts 5 and 6 of the indictment. The Rule 11 Plea Agreement reads in pertinent part:

> The parties agree that a sentence of life imprisonment is a reasonable and appropriate disposition in this case.

> While Defendant Sanders expects, the government reserves the right to seek a Downward Departure, pursuant to 5K1.1 for substantial assistance within the range of 188 to 235 months (15 yrs.) to be followed by a 10-year term of supervised release.

*Id.*

## The New Guidelines

In *United States* v. *Booker*, 543 US 220, 125 SCt 738 (Jan 12, 2005), the Supreme Court transformed the Federal Sentencing Guidelines from mandatory to advisory in two majority decisions: Application and Remedy. The application issue was decided by a 5-4 majority that the guidelines as applied violated a Defendant's Sixth Amendment right to a jury by delegating the power to make factual findings that increased sentences to judges. The remedy, decided by 5-4 majority declared the guidelines advisory. It requires a sentencing Court to consider the guidelines ranges, but permits the Court to tailor the sentences in light of other statutorily considered factors pursuant to 3553(a) (Supp. 2004). In fact, 18 USC § 3555(a) factors must be considered in fashioning the appropriate sentence. *United States* v. *Ameline*, __F3d__, 2005, __US App. Lexis 2032 (9th Cir, Feb 9 2005). Those factors in turn will guide Appellate Courts in determining whether any given sentence is unreasonable. *Booker*, *supra* at 766.

Subsection (a) of 18 U.S.C. § 3553 sets forth a number of factors that must be considered at sentencing; the nature and circumstances of the offense, history and characteristics of the Defendant, the seriousness of the offense; the need to promote respect for the law; provide just punishment; the need to afford adequate deterrence; the need to provide educational or vocational training, medical care, or other correctional treatment; the kinds of sentences available; the sentencing guidelines; any pertinent policy statement; the need to avoid sentencing disparity; and the need to provide restitution. Textually, 3553(a)

suggests that the Guidelines are of no greater importance than any of the other factors identified, and a number of post-*Booker* decisions have so held. *See, United States v. Webb,* 403 F3d 373, 380- 381 (6th Cir, 2005); *United States v Jackson* 408 F3d 301, 303 (6th Cir, 2005).

In *United States* v. *Ranum, 353* F. Supp. 984 2005 WL 161223 (ED Wisc, Jan, 2005) the District Court correlated the above factors into three general categories: the nature of the offense, the history and character of the Defendant, and the needs of the public and the victim(s) of the offense.

The *Ranum* Court further noted that the Guidelines permit a court to grant a departure based on certain offender- specific characteristics only in 'exceptional cases,' U.S.S.G. 5H1.1. For example, age, educational and vocational skills, mental and emotional conditions, physical condition, employment record, and family ties and responsibilities are not normally relevant. U.S.S.G. 5H1.1-6. Yet these are the sort of characteristics a court is likely to find relevant when determining "the history and characteristics of the defendant" as required by 3553(a)(1).

### The Nature of the Offense

In evaluating the guidelines success, Fifteen Years of Guidelines Sentencing: An Assessment of How Well the Federal Criminal Justice System is Achieving the Goals of Sentencing Reform (2004), the Sentencing Commission acknowledged that disparity remains concerning four centrally relevant factors: (1) statutory mandatory minimum sentences (2) the 100- 1 crack/powder quantity ratio, (3) the career offender provision, and (4) "Differences in policies among U.S. Attorneys and the inability of the guidelines to ameliorate the effect of such policies.

In the instant case, Defendant pled to 2 counts possession with intent to deliver cocaine. On

November 2, 2004 Detroit Police Narcotics Officers were conducting surveillance of 3919 Mitchell in Detroit, MI, in preparation for the execution of a search warrant at that address. During surveillance, officers observed Defendant Lloyd pass an object to Defendant Sanders, and then Defendant Sanders left the area in a dark blue Chevy Impala. Officers attempted a traffic stop, Defendant Sanders tossed a bag of contraband out of the driver's window. An officer confiscated the bag, which contained both cocaine and cocaine base (crack). Another 14.6 grams of cocaine (powder) was found in Defendant's car. The Rule 11 Plea Agreement holds Defendant Sanders accountable for 1,005 grams of cocaine and 342 grams of cocaine base. Upon execution of the search warrant at Defendant's Lloyd's residence, Officer's found three loaded weapons, eight empty kilogram size wrappers, 2, 434. grams of suspected powder and crack cocaine from the kitchen; seven kilograms of suspected powder cocaine from the basement, $50,000 of narcotics proceeds and keys to the residence in both Defendant Lloyd's and Defendant's Anderson's possession. The approximate total weight of the cocaine found at the co-defendant's distribution house was 24, 564 grams (PSR; p 5).

## The History and Characteristics of Defendant Sanders

The Probation Department's Officer Christina Wilkerson, agreed with the parties Rule 11 Agreement that Defendant' Sanders was classified under the guidelines as a career offender with a guideline imprisonment range of 262 to 327 months. However, pursuant to 21 U.S.C. § 841 and 21 U.S. C. § 8561 (11), count (6) has a mandatory minimum sentence of life imprisonment. (PSR; p. 14).

Defendant submits the following facts through Defendant's debriefing and discovery provided by the government. Defendant Sanders criminal history suggests an individual addicted to cocaine who sells

4

what he can to support his habit. Several small drug convictions and violations of probations for the same conduct. (PSR; P. 7-10) Approximately four months prior to Defendant Sander's arrest on the instance charges, his criminal activity changed from selling individual rocks of crack to larger quantities of powder cocaine. On that same day, he was introduced by a mutual friend to Marvell Lloyd.

Defendant Sanders childhood was marred by drug and alcohol abuse by both parents. As a direct result, Defendant Sanders was out of school and in the streets at an early age. Alcohol by 14, marijuana by 16 and over 14 grams was found separated from the package he received from Mr. Lloyd in his vehicle the night of his arrest on the instant charges. Another friend, Damon Newkirk, sold crack cocaine. The 342 grams of crack cocaine Defendant Sanders has pled guilty to possessing was bought by and intended to be delivered to, Mr. Newkirk.

While this newfound relationship with Mr. Lloyd brought in more money for Defendant Sanders and his family, he was far from the normal trappings of major narcotic dealers. Instead of expensive cars, real property, and jewelry; Defendant Sanders paid bills at his parent's home; he and his fiancé take care of medical bills for their daughter stricken with cerebral palsy, as well as support for his household, which includes two small boys.

**The Career Offender Enhancement**

Under 4B1.1 of the United States Sentencing Guidelines, a defendant qualifies as a career offender if" "(1) the Defendant was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the Defendant has at least two prior felony convictions of either a crime of

5

violence or a controlled substance offense." U.S.S.G. 4B1.1 (a). While Defendant Sanders concedes he meets the career offender requirements, he must point out that his prior convictions consists mostly of sentences to as little as probation that he that he received prison time for the violating that probation because of his addiction and an awkward perception of his responsibilities in life. It wasn't until his encounter with Mr. Lloyd that he possessed more those 25 grams of cocaine at any given time. (probationable offense with a statutory maximum of four years). Now his first federal offense, because of his minor drug convictions, requires a mandatory minimum sentence of life for possession of 342 grams of crack. Approximately 1/3 the amount of powder cocaine Defendant possessed, and the crack or powder cocaine still in the co-defendant's distribution house shows the limited involvement Defendant Sanders role was in this indictment and asks for a sentence which takes into account his minimal role in light of his co-defendants alleged conduct.

Upon Defendant Sander's arrest, without any protest, he decided to cooperate with the government. Although the government was satisfied, Defendant offered information as to the person who introduced him to Mr. Lloyd. Shortly after Mr. Lloyd realized Defendant Sanders intentions to cooperate totally with and truthfully he entered a plea of guilt himself. Defendant expects the government will be filing a Substantial Assistance Motion under USSG 5 K1.1 and 18 USC 3553(c). There should be no question concerning the value of Defendant's assistance and respectfully, the government's motions should be granted.

U.S. Courts have consistently held, "the government does not have the ability to request anything more than a Downward Departure, the extent of a downward departure is governed by the District Court's

6

discretion, as bounded by applicable law." *United States v. Schray*, 383 F. 3d 430, 433 (6th Cir 2004); *United States v. Justin Jones*, 417 F. 3d 547 (6th Cir, ED Tenn, 2005). The Defense requests this Honorable Court consider the effectiveness of his cooperation; the obvious disparity in his minor drug prior record and the ungiving requirement of life pursuant to the career offender's status; and the unconsciousable disparity and harm handed down to people in Defendant's position because of the disparity between powder and crack cocaine. After careful consideration of Defendant's Sander's plight, he requests this Honorable Court consider a sentence within the range of 60 to 96 months.

## The Need to Avoid Unwarranted Sentence Disparities

In point of fact, the sentencing commission itself has long disagreed with the disparity in sentencing between cocaine base or crack and powder cocaine. In the instant case, possessing 1,005 grams of powder has a guideline calculation of 262 to 327 months, yet 1/3 of that in crack demands a minimum sentence of life in prison. Obviously, there is an extreme disparity between powder and crack sentencing requirements, as well as the demands of a career offender status. Since *Booker*, a number of Courts have accepted the argument that in cases involving crack, they should consider non-guidelines sentences. *See, eg, United States v. Smith*, 359 F. Supp. 2d 771 (ED Wisc 2005) (granting below guidelines sentence to Defendant convicted of crack cocaine); *Simon v. United States*, 2005 WL 711916 (E.D. N.Y.); *United States v.. Carvajal*, 2005 WL 47 6125 (S.D. N.Y.); *United States v. Nellum*, 2005 W.L. 300073, at 3 (N.D. IN.); and *United States v. Clay*, 2005 WL 1076243 (E.D. Tenn.)

For the foregoing reasons, the Defense requests this Honorable Court enter a reasonable sentence, specifically fashioned for Defendant Sanders in a range of 60-90 months.

Respectfully submitted,

*/s/ Robert F. Kinney*
Robert F. Kinney
Attorney for Defendant Sanders
645 Griswold, Ste. 3963
Detroit, MI 48226
(313) 963-5310 (office)
(313) 963-5315 (facsimile)
MI Bar # 35842
rfkinney@sbcglobal.net

Dated: December 5, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2005, I electronically filed the foregoing *Sentencing Memorandum* with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

AUSA Elizabeth Stafford:     elizabeth.stafford@usdoj.gov

*/s/ Robert F. Kinney*
Robert F. Kinney

8