UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff,                      CASE NO: 04-CR-80939-DT-01
                                              HON. NANCY G. EDMUNDS

v.

D-1 MARVELL B. LLOYD,

        Defendant.
_____/

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its attorneys, Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, and Elizabeth A. Stafford, Assistant United States Attorney for the District, respectfully submits this Sentencing Memorandum regarding Defendant Marvell G. Lloyd, who is scheduled to be sentenced on February 28, 2006. For the reasons provided below, the government requests a sentence within the Guideline range of 135 to 168 months.

### I.    BACKGROUND

On November 2, 2004, members of the Detroit Police Department executed a search warrant at 3919 Mitchell in the city of Detroit. Upon entry into the living room of the house, the officers found Defendants Marvell Lloyd and Jerome Anderson, the latter of whom was sitting on a couch with a 9mm semiautomatic firearm laying near him. After the premises were secured, the officers additionally found approximately nine kilograms of powder cocaine;

approximately 100 grams of cocaine base; narcotics paraphernalia (e.g., a heat sealer and baggies); three loaded weapons in a black gun box which was found approximately one foot away from Defendant Lloyd; and two sets of keys – one from Lloyd and the other from Anderson – that each fit the front door of 3919 Mitchell.

## II.     SENTENCING CALCULATION

### A.     Statutory Maximum Sentence

As set forth in 21 U.S.C. § 841(b)(1)(A), the minimum sentence that may be imposed on Defendant is 10 years of imprisonment and the maximum sentence is life.

### B.     The Sentencing Guidelines After Booker

In *United States v. Booker,* 543 U.S. 220 (2005), the Supreme Court held that the United States Sentencing Guidelines, when used to create mandatory sentence ranges, violate the Sixth Amendment.  Notwithstanding, the Court made emphatically clear that "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Id.* at 264.  Further, the district court's sentence will be subject to review by the Court of Appeals for "reasonableness." *Id.*  Consistent with this, in *United States v. Forrest*, 402 F.3d. 678, 689-690 (6th Cir. 2005), the Sixth Circuit underscored that a sentencing court must take into account the guidelines, including "what the guidelines say about departing from the guidelines sentencing range." *See also United States v. Coffee*, 434 F.3d 887, 897-898 (6th Cir. 2006).

More recently, the Sixth Circuit reaffirmed the primacy of the Sentencing Guidelines, holding: "We now join several sister circuits in crediting sentences properly calculated under the Guidelines with a rebuttable presumption of reasonableness." *United States v. Williams,* 2006 WL 224067, *1 (6th Cir. 2006).

    C.    The Government's Sentencing Request

With the above Supreme Court and Sixth Circuit guidance in mind, the government respectfully requests the Court sentence Defendant within the Guidelines range calculated by the Probation Department: 135 to 168 months.  This Guideline sentence is presumed to be reasonable.  *Williams, supra.*, at *1.  Given the large amount of cocaine and cocaine base that Defendant has pled guilty to possessing with intent to distribute, the Court should find that he cannot rebut the presumption in favor of the Guideline sentence.

Defendant has objected to the 2 point enhancement pursuant to U.S.S.G. § 2D1.1(b)(1), which was applied in the Presentence Investigation Report as a result of the firearms found in 3919 Mitchell at the time of his arrest.  However, since those weapons were possessed by Defendant and his co-defendant, Jerome Anderson, during the same course of conduct that led to Defendant's drug trafficking conviction, the Court should find that 2 point enhancement applies. *See United States v. Faison*, 339 F.3d 518 (6th Cir. 2003).

For these reasons, the Government respectfully requests that the Court sentence Defendant to a term of imprisonment within the Guideline range of 135 to 168 months.

                        Respectfully submitted,

                        STEPHEN J. MURPHY
                        United States Attorney

                        s/Elizabeth A. Stafford
                        Assistant United States Attorney
                        211 W. Fort St., Suite 2001
                        Detroit, Michigan 48226
                        Phone: (313) 226-9692
                        elizabeth.stafford@usdoj.gov
                        Bar No. P48866

Date:   February 21, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2006, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

    Steven E. Scharg, stevescharg@aol.com

I further certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

    N/A                        s/Elizabeth A. Stafford
                        Assistant United States Attorney
                        211 W. Fort St., Suite 2001
                        Detroit, Michigan 48226
                        Phone: (313) 226-9692
                        elizabeth.stafford@usdoj.gov
                        Bar No. P48866